# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rocky Mel Contreras,<br><br>    Plaintiff,<br><br>vs.<br><br><br>Omar Vasquez; USCG Sector San Diego,<br><br>    Defendants. | CASE NO. 09-CV-2359-IEG (CAB)<br><br>ORDER:<br><br>(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;<br><br>(2) SUA SPONTE SCREENING THE COMPLAINT AND DISMISSING WITH PREJUDICE |

On October 22, 2009, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion and a motion to proceed *in forma pauperis*. As explained below, the Court has previously found Plaintiff's claims against the Defendants, the U.S. Coast Guard and Omar Vasquez in his official capacity, are barred by the doctrine of sovereign immunity and fail to state a claim upon which relief can be granted. Therefore, although the Court GRANTS Plaintiff's motion to proceed *in forma pauperis*, it DISMISSES Plaintiff's complaint with prejudice.

**I.    Motion to Proceed *In Forma Pauperis***

Plaintiff is unemployed and has less than $100 in his bank account. [Doc. No. 2.] Thus, Plaintiff is entitled to proceed without paying the required filing fees. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

1      **II.    Sua Sponte Screening of the Complaint**

2      Although the Court will allow Plaintiff to proceed *in forma pauperis*, the Court dismisses
3 Plaintiff's complaint for lack of subject mater jurisdiction and for failure to state a claim.

4      A.    <u>Subject matter jurisdiction</u>

5      "Absent a waiver, sovereign immunity shields the Federal Government and its agencies
6 from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). "Any waiver of immunity must be
7 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly
8 observed and exceptions thereto are not to be implied.'" <u>Hodge v. Dalton</u>, 107 F.3d 705, 707 (9th
9 Cir. 1997) (quoting <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160-61 (1981)). The doctrine of sovereign
10 immunity extends equally to federal agencies and federal employees acting within their official
11 capacities. <u>Id.</u>

12      Although the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 <u>et seq.</u>, waives the
13 United States' immunity, it does so only with regard to certain common law torts. <u>See</u> 28 U.S.C.
14 §§ 1346(b)(1), 2679(b). Notably, "the United States simply has not rendered itself liable under
15 § 1346(b) for constitutional tort claims," <u>FDIC</u>, 510 U.S. at 478, which is what Plaintiff alleges in
16 this case.

17      Plaintiff alleges that Defendants violated his due process rights under the Fifth Amendment
18 as well as his right to present a defense and confront witnesses under the Sixth Amendment. [Doc.
19 No. 1]. However, Plaintiff has not cited to any authority from which a waiver of immunity may be
20 found with respect to his constitutional claims. <u>Compare</u> <u>FDIC</u>, 510 U.S. at 483 (holding "that
21 [Federal Savings and Loan Insurance Corporation's] sue-and-be-sued clause waive[d] the agency's
22 sovereign immunity for [plaintiff's] constitutional tort claim"). The Court therefore lacks subject
23 matter jurisdiction over Plaintiff's claims against the U.S. Coast Guard and Omar Vasquez in his
24 official capacity. <u>See</u> <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1998) ("The question
25 whether the United States has waived its sovereign immunity against suits for damages is, in the
26 first instance, a question of subject matter jurisdiction.").

27 ///

28 ///

B.   <u>Failure to state a claim</u>

Moreover, the Court is under a continuing duty to dismiss an *in forma pauperis* case "any time" the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In the present case, on the facts alleged, the Court finds that there is no claim that Plaintiff can state against the U.S. Coast Guard or Omar Vasquez in his official capacity. Even if the Court construes Plaintiff's § 1983 action as a claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), that cause of action is not available against a federal agency or a federal official acting in his official capacity. <u>See</u> <u>FDIC</u>, 510 U.S. at 485-86.  In addition, to the extent Plaintiff wishes to pursue any claims against Omar Vasquez in his individual capacity, such claims are duplicative of those Plaintiff has asserted against Vasquez in Case No. 09cv1267-IEG(CAB).

**III.   Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* but *sua sponte* DISMISSES Plaintiff's complaint with prejudice and without leave to amend.  The Clerk is directed to close this case.

**IT IS SO ORDERED**.

**DATED:  December 2, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**